UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                            Case No. 8:07-CV-941-T-27EAJ

KENNETH D. GUTHERY,
MARLENE S. GUTHERY,
WACHOVIA MORTGAGE CORPORATION,
ROBERT S. HOBBS, as Trustee of
an unknown trust, FBNR, INCORPORATED,
and DOUG BELDON, Tax Collector,

        Defendants,

_____/

## ORDER

**BEFORE THE COURT** are the United States' Motion for Summary Judgment as to Count

II of its complaint (Dkt. 91), and Defendant Hobbs' Response to the United States' Motion for

Summary Judgment (Dkt. 96).[1] Upon consideration, the United States' motion is GRANTED in

part.

The United States commenced this action pursuant to 26 U.S.C. §§ 7401 and 7403 to obtain

judgment for the unpaid income tax liabilities owed by Kenneth Guthery for the years 1998 through

2001 and to foreclose the federal tax liens against two parcels of real property, one residential and

---

[1] Defendants Kenneth Guthery and Marlene Guthery are proceeding *pro se*. On February 18, 2009, they
were advised of the provisions of Federal Rule 56 in accordance with *Johnson v. Pullman, Inc.*, 845 F.2d 911 (11th
Cir. 1988). (Dkt. 109). Defendants Kenneth and Marlene Guthery were given until March 13, 2009 to file any
memoranda or other materials in response to the United States' motion for summary judgment. (Dkt. 109). Neither
Kenneth Guthery nor Marlene Guthery have responded.

one commercial, owned by Kenneth Guthery and Marlene Guthery as tenants by the entireties. The

residential property ("Parcel One"), at 5302 Puritan Road, Tampa Florida, is currently one parcel,

but was previously composed of the following two contiguous parcels:

> From the Northwest corner of the Southwest 1/4 of the Northwest 1/4 of Section 27,
> Township 28 South, Range 19 East Hillsborough County, Florida, run thence South
> 475 feet, thence East 1299 feet to the Point of Beginning; continue thence East 100
> feet, thence North to the River, thence Westerly along the river to a point North of
> the Point of beginning, thence South to the Point of Beginning;
>
> Beginning at a point 475 feet South and 1199 feet east of the Northwest corner of the
> Southwest quarter of the Northwest quarter of Section 27, Township 28 South, Range
> 19, thence East 100 feet, thence North to the waters of Hillsborough River, thence
> meander Southwesterly along the waters edge to a point due North of the Point of
> Beginning; thence due South to the Point of Beginning.

(Dkt. 91-2; 91-5).

The commercial property ("Parcel Two"), at 4205 East Busch Boulevard, Tampa, Florida,

is described as follows:

> Lots 7 and 8, Block 2, revised map of Druid Hills, as recorded in Plat Book 25, Page
> 33, of the Public Records of Hillsborough County, Florida; LESS a portion of Lot 8
> described as follows: Begin at the Northwest corner of said Lot 8, thence
> southeasterly along the Northerly boundary of said Lot 8 a distance of 87.06 feet to
> the Northerly boundary of said Lot 8, then southwesterly along the easterly boundary
> of said Lot 8 a distance of 116.07 feet to the Southeasterly corner of said Lot 8; then
> on an arc to the right along the Southerly boundary of said Lot 8 a chord distance of
> 55.0 feet; thence Northeasterly a distance of 110.45 feet to the point of beginning.
> (Less that portion of above described property taken for road right-of-way for Temple
> Terrace Highway.) (State Road No. 580).

(Dkt. 91-9).

Defendants Robert S. Hobbs, as Trustee of an unknown trust, Wachovia Mortgage

Corporation, FNBR, Incorporated, and Doug Belden, Tax Collector for Hillsborough County, Florida

were named as parties who may claim an interest in the Subject Property.  FNBR held a leasehold

interest, but no longer claims any interest in the subject property. (Dkt. 88).

## Background Facts

By warranty deeds dated May 3, 1985 and February 12, 1987, the Gutherys acquired title to both components of Parcel One as tenants by the entireties. (Dkt. 91-1; Dkt. 91-5). The Gutherys reside on Parcel One.

By instrument dated February 19, 1996 and recorded in the Hillsborough County, Florida real property records on February 22, 1996, the Gutherys granted a mortgage on Parcel One to P.A. Mortgage Service. (Dkt. 91-6). By assignment dated February 19, 1996 and recorded in the Hillsborough County, Florida real property records on February 22, 1996, P.A. Mortgage Service, Inc., assigned that mortgage to Firstmerit Bank, FSB. (Dkt. 91-7). Wachovia Mortgage Corporation is successor in interest to Firstmerit Bank. (K. Guthery Depo., p. 29).

By an instrument dated December 3, 2003 and recorded in the real property records of Hillsborough County, Florida on December 17, 2004, the Gutherys granted a mortgage on Parcel One to Robert S. Hobbs, as Trustee of an unnamed trust. (Dkt. 91-8).

By warranty deed dated January 4, 1992, the Gutherys acquired title to Parcel Two. (Dkt. 91-9). Parcel Two is encumbered by the mortgage held by Hobbs. (Dkt. 91-8).

It has been determined that Kenneth Guthery is indebted to the United States in the amount of $334,146.71, plus interest from August 31, 2007, for 1998, 1999, 2000, 2001 federal income tax liabilities. (Dkt. 28). Accordingly, the foreclosure portion of this action is all that remains.

On October 22, 2004, a delegate of the Secretary of Treasury filed a Notice of Federal Tax Lien with respect to Kenneth Guthery's 2000 and 2001 tax liabilities in the public records of Hillsborough County, Florida. (Dkt. 91-10). A second Notice of Federal Tax Lien was filed in

3

Hillsborough County on December 6, 2004 with respect to Guthery's 1998 and 1999 tax liabilities. (Dkt. 91-10).

On June 30, 2008, the United States and Wachovia Mortgage Corporation entered into a stipulation providing that the mortgage held by Wachovia is entitled to priority over the federal tax liens. (Dkt. 56). On July 1, 2008, the United States and Hobbs entered into a stipulation providing that the mortgage held by Hobbs is entitled to priority over the federal tax liens. (Dkt. 57). [2]

The United States moves for summary judgment on Count II of its Complaint to foreclose its federal tax liens. (Dkt. 91). Hobbs has filed a response to the United States' motion. (Dkt. 96). Hobbs agrees with the manner in which the proceeds should be distributed. However, Hobbs contends (1) the property should be sold subject to Hobbs mortgage, the Wachovia mortgage and real estate taxes; (2) the parcels should be sold together as one and not separately as requested by the United States because Hobbs' mortgage cannot be apportioned as between the two parcels; (3) Hobbs should be entitled to a credit bid for the full amounts due to him, including accrued interest, attorney's fees, and costs; (4) Hobbs should not be required to deposit with the IRS a minimum of twenty percent of his bid by Certified Check or otherwise be required to present proof that Hobbs is able to comply with such twenty percent requirement; (5) sufficient safeguards should be in place in order to ensure that Hobbs has the ability to submit a "second highest bid"; (6) where Hobbs is entitled to the "unpaid balance of his mortgage," the "unpaid balance of his mortgage" should

_____

[2] Defendant Hobbs filed a Counterclaim and Crossclaim against the United State and the Gutherys seeking monetary damages and foreclosure against the Gutherys arising from a default on a Promissory Note executed by the Gutherys and the mortgage executed by the Gutherys in favor of Hobbs. (Dkt. 8). In his Counterclaim, Hobbs seeks the right to purchase the Subject Property by credit bid at any foreclosure sale and an order that the rights, title, and interest of the United States be forever barred and foreclosed. (Dkt. 8).

include applicable mortgage interest, court costs, attorney's fees, and any other items allowed to be

recovered by Hobbs pursuant to Hobbs' mortgage. (Dkt. 96).

## APPLICABLE STANDARD

Summary judgment is proper if following discovery, the pleadings, depositions, answers to

interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material

fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477

U.S. 317, 322 (1986); Fed. R. Civ. P. 56. Once a party properly makes a summary judgment motion

by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by

affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits,

depositions, answers to interrogatories and admissions on file, and designate specific facts showing

that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24. Plaintiff's evidence must be

significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249

(1986).

## DISCUSSION

Section 7403 of the Internal Revenue Code permits the United States to foreclose its tax lien

by seeking sale of the property to which its liens have attached. Specifically, section 7403(c)

provides:

> The court shall, after the parties have been duly notified of the action, proceed to
> adjudicate all maters involved therein and finally determine the merits of all claims
> to and liens upon the property, and in all cases where a claim or interest of the United
> States therein is established, may decree a sale of such property, by the proper officer
> of the court, and a distribution of the proceeds of such sale according to the findings
> of the court in respect to the interest of the parties and of the United States.

26 U.S.C. §7403(c).

Federal tax liens attach to property held by tenants by the entireties even when only one of

5

the spouses is liable for the unpaid taxes. *See United States v. Craft*, 535 U.S. 274, 283-88 (2002); *see also United States v. Rodgers*, 461 U.S. 677, 699-700 (1983) (United States may foreclose federal tax liens that have attached to property held by tenants-by-the-entireties even when only one of the spouses is liable for underlying taxes). Accordingly, the tax liens on the subject property can be foreclosed and the property sold to satisfy, either in whole or in part, Kenneth Guthery's tax liabilities.

Priority of federal tax liens is determined by the common-law principle of first in time, first in right. *United States v. McDermott*, 507 U.S. 447, 449 (1993). In this case, the competing interests against the subject property were recorded in the following order: (1) mortgage held by Wachovia Mortgage Corporation, filed on February 22, 1996, (2) mortgage held by Hobbs, filed on December 17, 2003; (3) Notice of Federal Tax Lien with respect to 2000 and 2001 tax liabilities, filed on October 22, 2004; (4) Notice of Federal Tax Lien with respect to the 1998 and 1999 tax liabilities, filed on December 6, 2004.

The United States has stipulated to the priority of the Wachovia and Hobbs mortgages. In addition, Doug Beldon, tax collector of Hillsborough County, Florida, has claimed an interest in the subject property for ad valorem taxes. Beldon's interest is entitled to priority pursuant to 26 U.S.C. § 6303(b)(6).

Kenneth Guthery has not filed an answer to the Amended Complaint. Nor has he contested the foreclosure. Marlene Guthery filed an answer wherein she asserts that Parcel One should not be sold pursuant to *United States v. Rodgers*, 461 U.S. 677 (1983). In *Rodgers*, the Supreme Court held that §7403 affords courts "limited room . . . for the exercise of reasoned discretion" in effectuating its power to order a sale of property under the statute. *Rodgers*, 461 U.S. at 706, 709.

The Court should be guided by factors balancing the interests of government against the non-liable third party, and should "keep[ ] in mind the government's paramount interest in prompt and certain collection of delinquent taxes." *Id.* at 711.

Marlene Guthery contends that the Court should exercise discretion under *Rodgers* and deny the forced sale because the sale would create undue hardship on her as a non-liable innocent spouse who resides at the property. (Dkt. 38). In her Answer, Marlene Guthery requests a year to sell her home if the sale of the commercial part of the property does not satisfy the liens and debt. (Dkt. 38).

Marlene Guthery's reliance on *Rodgers* is misplaced. A significant factor in *Rodgers* is whether the non-liable third-party has a legally recognized expectation that the property would not be subject to forced sale outside of §7403. *Id.* at 710-711. "If there is no such expectation, then there would seem to be little reason not to authorize the sale." *Id.* at 711. Apart from the federal tax lien foreclosure, the Guthery's residence is subject to foreclosure as a result of the Gutherys' default on the promissory note secured by the mortgage held by Hobbs. Hobbs has separately filed for summary judgment and foreclosure. (Dkt. 78). According to Kenneth Guthery's testimony, the mortgage held by Wachovia is also in default. (K. Guthery Depo., pp. 29-30). Accordingly, Marlene Guthery cannot claim an expectation that the property would not be subject to a forced sale outside the tax lien foreclosure permitted pursuant to §7403. This Court, therefore, finds no reason under *Rodgers* to deny foreclosure. *See United States v. Persaud*, 420 F. Supp. 2d 1263, 1269 (M.D. Fla. 2006) (non-debtor spouse's expectation that property will not be subject to forced sale outweighed by fact that the non-debtor spouse stood to lose property through state eminent domain process).

Accordingly, it is **ORDERED AND ADJUDGED**:

1.   The United States' Motion for Summary Judgment as to Count II of its complaint (Dkt. 91) is

**GRANTED** *in part.* The United States is granted a judgment of foreclosure as to Count II of its complaint, subject to the interests of:

a. Doug Belden, Tax Collector for Hillsborough County, Florida;

b. Wachovia Mortgage Corporation;

c. Robert S. Hobbs, as Trustee of an unknown trust.

2.   A separate judgment of foreclosure will be entered, scheduling a judicial sale of the subject properties, setting forth the amounts due to all parties having an interest in the sale proceeds, the manner in which the sale proceeds are to be distributed, the publication requirements, bidding procedures and the manner and time of said sale.

3.   The Court reserves jurisdiction to enter judgment of foreclosure consistent with this order.

**DONE AND ORDERED** in chambers this 13 day of April, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
*Pro se* Defendants