UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.                                              Case No. 8:07-CV-941-T-27EAJ

KENNETH D. GUTHERY,
MARLENE S. GUTHERY,
WACHOVIA MORTGAGE CORPORATION,
ROBERT S. HOBBS, as Trustee of
an unknown trust, FBNR, INCORPORATED,
and DOUG BELDON, Tax Collector,

Defendants,

_____/

## ORDER

**BEFORE THE COURT** are Defendant Hobbs' Motion for Summary Final Judgment on Its Counterclaim and Crossclaim (Dkt. 78), the United States' Memorandum in Opposition to Defendant Hobbs' Motion for Summary Final Judgment (Dkt. 81), and Hobbs' Motion for Attorney's Fees in Conjunction with its Motion for Summary Judgment on its Counterclaim and Crossclaim (Dkt. 79).[1] Upon consideration, Hobbs' motion for summary judgment is GRANTED in part and Hobbs' motion for attorney's fees is GRANTED.

The United States commenced this action pursuant to 26 U.S.C. §§7401 and 7403 to obtain

---

[1] Defendants Kenneth Guthery and Marlene Guthery are proceeding *pro se*. On February 18, 2009, they were advised of the provisions of Federal Rule 56 in accordance with *Johnson v. Pullman, Inc.*, 845 F.2d 911 (11th Cir. 1988). (Dkt. 109). Defendants Kenneth and Marlene Guthery were given up to and including March 13, 2009 to file any memoranda or other materials in response to Hobbs' motion for summary judgment. (Dkt. 109). Neither Kenneth Guthery nor Marlene Guthery have responded.

1

judgment for the unpaid income tax liabilities owed by Kenneth Guthery for the years 1998 through 2001 and to foreclose the federal tax liens against two parcels of real property, one residential and one commercial, owned by Kenneth Guthery and Marlene Guthery as tenants by the entireties. Defendants Robert S. Hobbs, as Trustee of an unknown trust, Wachovia Mortgage Corporation, FNBR, Incorporated, and Doug Belden, Tax Collector for Hillsborough County, Florida were named as defendants who may claim an interest in the subject property.[2]

On September 6, 2007, this Court held that Kenneth Guthery is indebted to the United States in the amount of $334,146.71, plus interest from August 31, 2007 on account of the tax liabilities at issue. (Dkt. 28). Accordingly, the foreclosure portion of this action is all that remains.

Defendant Hobbs filed a Counterclaim and Crossclaim against the United States and Kenneth and Marlene Guthery seeking monetary damages against the Gutherys arising from a default on a Promissory Note and the foreclosure of a real estate mortgage executed by the Gutherys on the subject property. (Dkt. 8). In his Counterclaim, Hobbs seeks the right to purchase the property by credit bid at any foreclosure sale and an order that the rights, title, and interest of the United States be forever barred and foreclosed. (Dkt. 8, pp. 6-7).

On July 1, 2008, the United States and Hobbs entered into a stipulation regarding the priority of Hobbs' mortgage lien on the subject property. (Dkt. 57). Specifically, the parties agreed that the mortgage held by Hobbs "is entitled to priority against the federal tax liens asserted in this action" and that Hobbs "is entitled to be paid the full amount of the outstanding indebtedness on the mortgage upon any sale conducted pursuant to this litigation before any distribution on account of

---

[2] FNBR held a leasehold interest, however, FNBR no longer claims any interest in the subject property. (Dkts. 88, 104).

any federal tax liens." (Dkt. 57, ¶¶ 2, 3). The parties, however, did not agreed whether Hobbs is entitled to a credit bid in the amount of the outstanding indebtedness on the mortgage. (Dkt. 57, ¶ 3).

Hobbs seeks summary judgment on his Counterclaim and Crossclaim arguing the Gutherys are in default under the terms of the Note and Mortgage and that Hobbs, as the holder of the Note and Mortgage, is entitled to recover principal, interest and other expenses due. (Dkt. 78). Hobbs also seeks costs and attorney's fees, arguing that the Gutherys contractually agreed to pay jointly and severally all costs of collection, including a reasonable attorney fee. (Dkts. 78, 79).

## APPLICABLE STANDARD

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004) *(internal citations omitted)*. "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and

3

admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24. Plaintiff's evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

## **DISCUSSION**

In relevant part, the Mortgage provides that:

> If foreclosure proceedings of any mortgage or lien of any kind, superior or inferior to this mortgage, are instituted, Mortgagee hereunder may, at its option, immediately or thereafter declare this mortgage and the indebtedness hereby secured due and payable. It is expressly agreed that any default under such mortgage or lien upon the above described real property shall constitute a default hereunder.

(Dkt. 78-2). According to Hobbs, therefore, the Gutherys have defaulted under the terms of the Note and Mortgage by virtue of the United States' commencement of this proceeding to foreclose its tax liens. Additionally, Hobbs maintains the Gutherys are in default because they failed to make the June 15, 2008 payment of $5,000.00 and all subsequent monthly payments in the amount of $5,000.00 each. (Dkt. 78-2, Hobbs Aff.). According to Hobbs, he holds the Note and Mortgage and is entitled to recover principal, interest and other expenses due on the Note and Mortgage, as well as costs and attorney's fees. (Dkt. 78-2).

In response, the United States contends it is improper to adjudicate only Hobbs' interest in the property and make a distribution to Hobbs before determining the rights of the United States. Section 7403 of the Internal Revenue Code delineates the procedures to be followed with respect to the adjudication of claims against and sale of the subject property. In relevant part, §7403 provides:

> The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of findings of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of

4

the United States.

26 U.S.C. §7403.

The parties have agreed that Hobbs is a bona fide purchaser and holder in due course of the mortgage encumbering the subject property and that the mortgage is entitled to priority against the federal tax liens. (Dkt. 57). Hobbs has also established that the Gutherys are in default of the mortgage and that pursuant to the mortgage, Hobbs is entitled to a determination of the amounts owed. (Dkt. 78-2). Accordingly, it is

**ORDERED AND ADJUDGED** that

1. Defendant's Motion for Summary Judgment (Dkt. 88) is **GRANTED** *in part*.

2. Kenneth D. Guthery and Marlene S. Guthery owe Hobbs the principal balance of $415,276.76, plus interest on the principal at 18% from May 15, 2008 to present, plus $500.00 in late charges.

3. Hobbs' motion for attorney's fees is **GRANTED**. The Mortgage provides that the Gutherys are required to "pay all costs, charges and expenses, including attorney's fees, reasonably incurred or paid at any time by Mortgagee . . . because of the failure by Mortgagor to perform, comply with and abide by each and every stipulation, agreement, condition, and covenant of the promissory note and this Mortgage . . ." (Dkt. 78 -2). Moreover, in the Note, the Gutherys agreed to pay "all costs of collection, including a reasonable attorney's fee." (Dkt. 78-2). This Court concludes that 22.3 hours is a reasonable amount of time to spend in representing Hobbs in this

action and that $250.00 per hour is a reasonable rate for the services rendered. Accordingly, Hobbs is awarded the sum of $5,575.00 in attorneys fees against Kenneth D. Guthery and Marlene S. Guthery.

3. By separate order, the Court will enter a judgment of foreclosure in favor of the United States, subject to Hobbs' mortgage and the sums due thereunder, as determined in this order.

4. The Court reserves jurisdiction to award additional attorneys fees and to enter judgment of foreclosure in favor of Hobbs upon proper application.

**DONE AND ORDERED** in chambers this 13th day of April, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
*Pro se* Defendants