UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,

vs.                                               Case No. 8:07-CV-941-T-27EAJ

KENNETH D. GUTHERY,
MARLENE S. GUTHERY,
WACHOVIA MORTGAGE CORPORATION,
ROBERT S. HOBBS, as Trustee of
an unknown trust, FBNR, INCORPORATED,
and DOUG BELDON, Tax Collector,

            Defendants.
_____/

## JUDGMENT OF FORECLOSURE AND ORDER OF SALE

The Court's order granting summary judgment in favor of the United States (Dkt. 116) specified that a separate judgment of foreclosure would be entered. Upon consideration, it is ORDERED AND ADJUDGED as follows:

1.    Kenneth D. Guthery is indebted to the United States for 1998, 1999, 2000, and 2001 federal income tax liabilities in the amount of $334,146.71, plus interest from August 31, 2007, at the rate established by 26 U.S.C. §§ 6621 and 6622.

2.    Federal tax liens encumber the below described parcel of real property located at 5302 Puritan Road, Tampa, Florida 33617 ("Parcel 1"). Its legal description is as follows:

    a.    From the Northwest corner of the Southwest 1/4 of the Northwest 1/4 of Section 27, Township 28 South, Range 19 East Hillsborough County, Florida, run thence South 475 feet, thence East 1299 feet to the Point of Beginning; continue thence East 100 feet, thence North to the River, thence Westerly along the river to a point North of the Point of Beginning, thence South to the Point of Beginning;

1

and

      b.    Beginning at a point 475 feet South and 1199 feet east of the Northwest corner of the Southwest quarter of the Northwest quarter of Section 27, Township 28 South, Range 19, thence East 100 feet, thence North to the waters of Hillsborough River, thence meander Southwesterly along the waters edge to a point due North of the Point of Beginning; thence due South to the Point of Beginning.

3. Federal tax liens encumber the below described parcel of real property located at 4205 East Busch Boulevard, Tampa, Florida 33617 ("Parcel 2"). Its legal description is as follows:

      Lots 7 and 8, Block 2, revised map of Druid Hills, as recorded in Plat Book 25, Page 33, of the Public Records of Hillsborough County, Florida; LESS a portion of Lot 8 described as follows: Begin at the Northwest corner of said Lot 8; thence southeasterly along the Northerly boundary of said Lot 8 a distance of 87.06 feet to the Northerly boundary of said Lot 8, then southwesterly along the easterly boundary of said Lot 8 a distance of 116.07 feet to the Southeasterly corner of said Lot 8; then on an arc to the right along the Southerly boundary of said Lot 8 a chord distance of 55.0 feet; thence Northeasterly a distance of 110.45 feet to the point of beginning. (Less that portion of above described property taken for road right-of-way for Temple Terrace Highway.) (State Road No. 580).

4. The federal tax liens are hereby foreclosed against the real property described in paragraphs 2 and 3, above, as Parcel 1 and Parcel 2 (collectively the "Real Properties"), and the Real Properties in their entirety are ordered sold.

5. The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS") is hereby authorized under Title 28, United States Code, Sections 2001 and 2002, to offer the Real Properties described in paragraphs 2 and 3, above, along with any improvements, buildings and appurtenances for sale at public auction, on the terms described below.

6. The public auctions referred to in paragraph 5, above, shall be held either on the premises themselves or other location in Hillsborough County, or at the Hillsborough County

Courthouse, in accordance with the provisions of Title 28, United States Code, Section 2001, the times thereof to be announced by the IRS, provided, however, that Parcel 1 shall be sold first. The sale of Parcel 1 shall take place no later than 120 days following entry of this Judgment and Order. The sale of Parcel 2 shall take place no later than 210 days following entry of this Judgment and Order. The respective properties shall be advertised once a week for four consecutive weeks preceding the date fixed for its sale in a daily newspaper of general circulation in Hillsborough County, and by any other notice that the IRS in its discretion may deem appropriate.

7. Any rights, title, liens, claims or interests in the Real Properties described in paragraphs 2 and 3 of the United States and all other parties in this action are discharged upon confirmation of the sale of the relevant Parcel, as described in paragraph 17, below, except the United States' right of redemption as set forth in paragraph 14.

8. The minimum bid for the Real Properties will be set by the IRS, but in any event shall not be less than the full amount required to satisfy the reasonable expenses of sale, all real property taxes due and owing, and the first mortgage in favor of Wachovia Mortgage Corporation ("Wachovia"), plus $100,000.00 for Parcel 1. If the minimum bid is not met or exceeded, the IRS may, without further permission of this Court, and under the terms and conditions of this Judgment of Foreclosure, re-advertise with notice to all parties and hold a new public sale.

9. Except as set forth in paragraph 10 below, the successful bidder(s) shall be required to deposit with the IRS a minimum of twenty percent of his or her bid by certified check, made payable to the United States District Court for the Middle District of Florida, or by cash deposit at the time of sale. Before being permitted to bid at the sale, bidders shall display to

the IRS proof that they are able to comply with this requirement. No bids will be received from any such person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this order of sale.

10. The balance of the purchase price for the respective property shall be tendered to the IRS PALS by the successful bidder within 30 days following the date of sale in the form of a certified check made payable to the United States District Court for the Middle District of Florida, except that Robert S. Hobbs, Trustee ("Hobbs"), in the event he is the successful bidder of either Parcel 1 or Parcel 2, must tender cash payment or certified funds to satisfy all senior liens on that Parcel and may tender the remaining portion of his payment for that Parcel as a credit bid, i.e., in the form of a reduction of the debt he is owed. Hobbs is not subject to the deposit requirement set forth in paragraph 9 above. In the event that the purchaser fails to fulfill these requirements, the deposit shall be forfeited and applied to the expenses of sale, and the real property shall be re-offered for sale as set forth in paragraph 8 above.

11. Hobbs shall be entitled to a credit bid on Parcel 1 in the maximum amount of one hundred thousand and no/100 dollars ($100,000.00) after payment, in cash or certified funds, to satisfy the reasonable expenses of sale, all real property taxes due and owing, and the Wachovia mortgage. Hobbs shall be entitled to a credit bid for the balance of his debt at the sale of Parcel 2 after payment of the reasonable expenses of sale and real property taxes due and owing. Parcel 2 shall not be sold until after the sale of Parcel 1 has been confirmed.

12. In the event that Parcel 1 has not been sold within 120 days after entry of this Judgment and Order or Parcel 2 has not been sold within 210 days after entry of this Judgment and Order, Hobbs shall be entitled to sell the subject Parcel under terms and conditions set forth

in a separate judgment of foreclosure, which may be entered, upon proper application, on Hobbs' Counterclaim/Crossclaim.

13. Pending the sale of the Real Properties, the IRS is authorized to have free access to the premises and to take any and all actions necessary to preserve the premises, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the properties, until the deeds to the properties are delivered to the ultimate purchaser(s) of each property.

14. The sale is made pursuant to 28 U.S.C. § 2001 and is made without right of redemption, except in the event of a purchase involving a credit bid by Robert S. Hobbs, Trustee, as described in paragraphs 10 and 11, above, in which case the United States shall retain a right of redemption of the relevant Parcel for 120 days from the date of sale, and the cost of any such redemption shall be as set forth in 28 U.S.C. § 2410(d).

15. Until the Real Properties are sold, Kenneth Guthery and Marlene Guthery shall take all reasonable steps necessary to preserve the Real Properties (including all buildings, improvements, fixtures and appurtenances on the Real Properties) in their current condition including, without limitation, maintaining fire and casualty insurance policies on the Real Properties and shall provide proof of such when requested by the PALS. They shall neither commit waste against the Real Properties nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Real Properties nor cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Real Properties or that may tend to

deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

16. All persons occupying the Real Properties shall leave and vacate the Real Properties permanently within 30 days of the date this Judgment and Order is entered or the date on which a copy of it is delivered to defendants, whichever is later, taking with them their personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Real Properties). Further, all persons occupying the Real Properties shall turn over the keys to the Real Properties to the IRS PALS and provide proof of current insurance within 30 days of the date this Judgment and Order is entered or the date on which a copy of it is delivered to the defendants, whichever is later. If any person occupying the Real Properties fails or refuses to leave and vacate the Real Properties by the time specified in this order, the IRS is authorized to coordinate with the United States Marshal and his deputies to take all actions that are reasonably necessary to bring about the ejectment of those persons. If any person fails or refuses to remove his or her personal property from the Real Properties by the time specified herein, the personal property remaining on the Real Properties thereafter is deemed forfeited and abandoned, and the IRS is authorized to remove the personal property and dispose of it in any manner it sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale with the balance being distributed as described in paragraph 20, below.

17. The sale of each parcel of the Real Properties shall be subject to confirmation by this Court, and upon confirmation, the IRS shall execute and deliver its deed, conveying the respective property to the successful purchaser.

18. When the sale is confirmed by this Court, the Register of Deeds of Hillsborough County, Florida, shall cause transfer of the respective property to be reflected upon that county's register of title.

19. A successful third-party bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law.

20. After the sale is confirmed by this Court, the proceeds shall be distributed as follows:

Parcel 1

a. First, to the IRS to cover the reasonable expenses of the sale, including any reasonable expenses incurred to secure or maintain Parcel 1 pending sale and confirmation by the Court;

b. Second, to Doug Belden, tax collector for Hillsborough County, for any property taxes, including any charges for utilities or public services, unpaid, matured and owing with respect to Parcel 1;

c. Third, to Wachovia for the unpaid balance of its mortgage and related fees, as established by the affidavits previously submitted to the Court with per diem interest as set forth in said affidavits through the date of disbursement;

d. Fourth, to Hobbs for the unpaid balance of his mortgage and related fees, as established by the affidavits previously submitted to the Court with per diem interest as set forth in said affidavits through the date of disbursement;

e. Fifth, one-half of the remainder to Marlene Guthery;

f. Sixth, to the United States Department of Justice for the unpaid federal tax liabilities of Kenneth Guthery described in paragraph 1, above;

g. Seventh, any remaining funds to Marlene Guthery and Kenneth Guthery.

Parcel 2

a. First, to the IRS to cover the expenses of the sale, including any expenses incurred to secure or maintain Parcel 2 pending sale and confirmation by the Court;

b. Second, to Doug Belden, tax collector for Hillsborough County, for any property taxes, including any charges for utilities or public services, unpaid, matured and owing with respect to Parcel 2;

c. Third, to Hobbs for the unpaid balance of his mortgage and related fees, as established by the affidavits previously submitted to the Court with per diem interest as set forth in said affidavits through the date of disbursement;

e. Fourth, one-half of the remainder to Marlene Guthery;

f. Fifth, to the United States Department of Justice for the unpaid federal tax liabilities of Kenneth Guthery;

g. Sixth, any remaining funds to Marlene Guthery and Kenneth Guthery.

21. If the successful bidder for either of the Real Properties defaults in any deposit requirement or in payment of the balance of the purchase price, the deposit made by the successful bidder shall be forfeited and retained as part of the proceeds of sale, and the respective property again shall be offered for sale in the same manner as set forth above.

22. If the sale of either Parcel 1 or Parcel 2 does not take place within the time frame set forth in paragraph 6, above, then Robert S. Hobbs, Trustee, may seek leave of Court to sell the relevant Parcel in a different manner.

23. The Court retains jurisdiction over this cause for purposes of entering all further orders as may be appropriate, including without limitation, deficiency and contempt of court judgments.

**DONE AND ORDERED** in chambers this 27th day of May, 2009.

_____
**JAMES D. WHITTEMORE
United States District Judge**

Copies to:
Counsel of Record
*Pro se* Defendants