IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

V.

CASE NO.: 8:07-CV-00941-T-27EAJ

KENNETH D. GUTHERY; MARLENE S.
GUTHERY; WACHOVIA MORTGAGE
CORPORATION; ROBERT S. HOBBS,
ESQUIRE; as Trustee of an unknown
trust; and CSR/RINKER MATERIALS
CORPORATION,

    Defendants.
_____/

## FINAL JUDGMENT OF FORECLOSURE

This cause came to be considered upon Defendant Robert S. Hobbs ("HOBBS") Motion for Entry of Final Judgment of Foreclosure (Dkt. 142) and based on this Court's Order Granting in Part, HOBBS' Motion for Summary Judgment and Motion for Attorney's Fees (Dkt. 117) and for Additional Attorney's Fees (Dkt. 125), this Court's Judgment of Foreclosure and Order of Sale (Dkt. 126), and this Court's Order entered on October 20, 2009 (Dkt. 133), this Court has jurisdiction and hereby **GRANTS** HOBBS' Motion for Entry of Final Judgment of Foreclosure (Dkt. 142) and enters this Final Judgment of Foreclosure as follows:

    1.    This Court hereby incorporates its Judgment of Foreclosure and Order of Sale (Dkt. 126) herein.

    2.    The real property located at 5302 Puritan Road, Tampa, Florida 33617 ("Parcel 1") is legally described as:

        a.    From the Northwest corner of the Southwest ¼ of the Northwest ¼ of Section 27, Township 28 South, Range 19 East

1

Hillsborough County, Florida, run thence South 475 feet, thence East 1299 feet to the Point of Beginning; continue thence East 100 feet, thence North to the River, thence Westerly along the river to a point North of the Point of Beginning, thence South to the Point of Beginning;

and

b.	Beginning at a point 475 feet South and 1199 feet east of the Northwest corner of the Southwest quarter of the Northwest quarter of Section 27, Township 28 South, Range 19 East, thence East 100 feet, thence North to the waters of Hillsborough River, thence meander Southwesterly along the waters edge to a point due North of the Point of Beginning; thence due South to the Point of Beginning.

The real property located at 4205 East Busch Boulevard, Tampa, Florida 33617 ("Parcel 2") is legally described as follows:

Lots 7 and 8, Block 2, re-revised map of Druid Hills, as recorded in Plat Book 25, Page 33, of the Public Records of Hillsborough County, Florida; LESS a portion of Lot 8 described as follows: Begin at the Northwest corner of said Lot 8; thence southeasterly along the Northerly boundary of said Lot 8 a distance of 87.06 feet to the Northerly boundary of said Lot 8, then southwesterly along the easterly boundary of said Lot 8 a distance of 116.07 feet to the Southeasterly corner of said Lot 8; then on an arc to the right along the Southerly boundary of said Lot 8 a chord distance of 55.0 feet; thence Northeasterly a distance of 110.45 feet to the point of beginning. (Less that portion of above described property taken for road right-of-way for Temple Terrace Highway.) (State Road No. 580).

3.	The terms "Parcel 1" and "Parcel 2" are the same as set forth in the Judgment of Foreclosure and Order of Sale (Dkt. 126).

4.	HOBBS is entitled to entry of a Final Judgment of Foreclosure on its Counterclaim and Crossclaim in the amounts set forth below:

| | |
|---|---|
| Principal Balance | $415,276.76 |
| Interest from 5/15/08 to 12/8/09 | $117,139.88 |

[Per diem interest of $204.79 after 12/8/09]

| | |
|---|---|
| Late charges | $ 500.00 |
| Attorney's Fees | $ 10,925.00 |
| TOTAL | $543,841.64 |

The total amount shall bear interest at the contract rate, i.e. ($204.79 per day), until judgment is entered. Thereafter, the total amount shall bear interest at the statutory rate provided by 28 U.S.C. §1961, which rate shall remain the same until this judgment is paid. HOBBS shall also recover such further costs as may be incurred by it in this action, including, but not limited to, the sale fee and publication of the Notice of Sale, and any subsequent advances made by HOBBS in aid of the foreclosure which are proper under the terms of the note and mortgage foreclosed herein.

5. HOBBS holds a lien for the total sum superior to any claim or estate of Defendants/Cross-Defendants KENNETH D. GUTHERY, and MARLENE S. GUTHERY, and to any claim of UNITED STATES OF AMERICA. The liens of Defendant DOUG BELDEN, TAX COLLECTOR as to Parcel 1 and Parcel 2 and the lien of Defendant WACHOVIA MORTGAGE CORPORATION as to Parcel 1 are not subject to and shall survive the sales contemplated by this Judgment. Said Defendants shall not be entitled to participate in any sale proceeds resulting from such sales.

6. If the total sum set forth in paragraph 4 with interest at the interest rate(s) prescribed and all costs of this action and proper advances pursuant to paragraph 4 accruing subsequent to this judgment are not paid, the U.S. Marshal shall sell Parcel 1 in accordance with the provisions of 28 United States Code (U.S.C.) sections 2001 and 2002 at public sale to the highest bidder by certified check made payable to the United States District Court for the Middle District of Florida or for cash, except as set forth hereinafter, at the courthouse steps of the Sam M. Gibbons U.S. Courthouse, 801

N. Florida Avenue, Tampa, Florida 33602. HOBBS shall coordinate a sale date and time with the U.S. Marshal's office, such sale to be held no later than 40 days after the date of this Judgment, such sale shall not be held in the absence of HOBBS' attorney or other representative. If a sale does occur, in the absence of a representative of HOBBS, the sale shall be null and void and no documents shall be issued by the U.S. Marshal, except to inform this Court of what may have occurred. The U.S. Marshal shall give public notice of such sale in the form attached hereto as Exhibit "A", pursuant to 28 U.S.C. section 2002, by publication in a newspaper regularly issued and of general circulation in Hillsborough County, once a week for four (4) consecutive weeks, beginning not less than twenty-eight (28) days from the date of sale. Upon completion of the sale, the U.S. Marshal will issue a Certificate of Sale, to be prepared by HOBBS' counsel, and shall file the same in the court file. If the successful bidder is a party or third party other than HOBBS, said bidder shall post with the Clerk of the Court, U.S. District Court, Middle District of Florida (the "Clerk") a deposit equal to five percent (5%) of the final bid. The deposit shall be applied to the sale price at the time of the final payment which shall occur no later than 5:00 p.m. the next business day following the sale. If final payment is not made within the prescribed period, the U.S. Marshal shall re-advertise the sale, pay all costs of sale from the deposit and remit any remaining funds to HOBBS in reduction of HOBBS' debt.

7. HOBBS shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if he is not the purchaser of the property at the sale. If HOBBS is the purchaser, the U.S. Marshal shall credit HOBBS' bid with the total sum set forth in paragraph 4 above with interest and costs accruing subsequent to this judgment or such part of it as is necessary to pay the bid in full. If prior to the sale, HOBBS shall be required to advance any monies pursuant to his mortgage or the provisions hereof, then HOBBS or its attorneys shall so certify to the U.S. Marshal,

4

and the amount due to HOBBS as set forth herein shall be increased by the amount of such advances without further order of the Court. If HOBBS is the successful bidder at the sale, HOBBS' rights as such may be assigned to a third party and, in that event, the U.S. Marshal is hereby ordered and directed to issue the Certificate of Title to HOBBS assignee upon application of HOBBS and without further Order of this Court. If HOBBS is the successful bidder but does not assign his rights to a third party, the U.S. Marshal is hereby ordered and directed to issue the Certificate of Title to HOBBS. In either event, the Certificates of Title shall not be issued until the eleventh day after the sale. Upon issuance of the Certificates of Title, the sales shall stand confirmed.

8. Immediately after the sale of Parcel 1, Parcel 2 shall be sold in the same manner as herein provided for the sale of Parcel 1 and as provided by paragraphs 6 and 7 above. HOBBS shall be entitled to a credit bid at the sale of Parcel 2 for the full amount of his debt less any successful bid made by HOBBS at the sale of Parcel 1 or less any bid from a third party purchasing Parcel 1 at said sale.

9. On filing the Certificate of Title as to Parcel 1, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of HOBBS' costs; second, documentary stamps affixed to the certificate unless HOBBS is not successful bidder in which event the successful bidder shall pay the cost of said documentary stamps in addition to the amount bid; third, HOBBS' attorneys' fees; fourth; the total sum due to HOBBS, less the items paid above, plus interest at the statutory rate from this date to the date of the sale. All sums to be disbursed to HOBBS shall be made payable to HOBBS' Attorneys, Gibbons, Neuman, Bello, Segall, Allen & Halloran Trust Account.

10. On filing the Certificate of Title as to Parcel 2, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of HOBBS' costs; second, documentary

5

stamps affixed to the certificate unless HOBBS is not successful bidder in which event the successful bidder shall pay the cost of said documentary stamps in addition to the amount bid; third, HOBBS' attorneys' fees; fourth; the total sum due to HOBBS, less the items paid above, plus interest at the statutory rate from this date to the date of the sale. All sums to be disbursed to HOBBS shall be made payable to HOBBS' Attorneys, Gibbons, Neuman, Bello, Segall, Allen & Halloran Trust Account.

11. Upon issuance of the Certificate of Sale by the U.S. Marshal for each parcel, the UNITED STATES OF AMERICA, Cross-Defendants, KENNETH D. GUTHREY and MARLENE S. GUTHREY, and all persons claiming under or against them since the filing of the notice of Lis Pendens are foreclosed of all estate or claim in Parcel 1 and Parcel 2 except as set forth in paragraph 13 below.

12. The successful bidder at the foreclosure sale of Parcel 1 and the successful bidder at the foreclosure sale of Parcel 2 or their heirs, representatives, successors or assigns, shall be placed in possession of the above described premises upon the issuance of the Certificate of Title for the respective Parcel. The U.S. Marshal is hereby directed to issue Writs of Possession to the said successful bidders for the premises located at 5302 Puritan Road, Tampa, Florida 33617 (Parcel 1) and 4205 E. Busch Boulevard, Tampa, Florida 33617 (Parcel 2) without further order of the Court.

13. The UNITED STATES OF AMERICA shall retain a right of redemption of Parcel 1 and Parcel 2 for 120 days from the date of sale, and the cost of any such redemption shall be as set forth in 28 U.S.C. § 2410(d).

14. Jurisdiction of this action is retained to enter further orders as are proper including, without limitation, deficiency judgments.

NOTICE PURSUANT TO AMENDMENT TO SECTION, 45.031, FLA. ST. (2006)

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK OF THE UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA ("CLERK OF THE COURT") NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT WITHIN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE

7

PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT BAY AREA LEGAL SERVICES, 829 W. DR. MARTIN LUTHER KING BOULEVARD, 2ND FLOOR, TAMPA, FLORIDA, 33603-3336, TELEPHONE NUMBER, 813-232-1343, TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE HILLSBOROUGH COUNTY BAR ASSOCIATION REFERRAL SERVICE AT 813-221-7780 FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE. THE ABOVE TIME LIMIT ON CLAIMING SURPLUS FUNDS SHALL NOT APPLY TO THE UNITED STATES OF AMERICA.

DONE and ORDERED in Chambers at Tampa, Hillsborough County, Florida, this 13th day of JANUARY, 2010.

*JAMES D. WHITTEMORE*
District Court Judge

Copies to all counsel of record and

Kenneth D. Guthery and Marlene S. Guthery

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

V.

CASE NO.: 8:07-CV-00941-T-27EAJ

KENNETH D. GUTHERY; MARLENE S. GUTHERY;
WACHOVIA MORTGAGE CORPORATION; ROBERT
S. HOBBS, ESQUIRE; as Trustee of an unknown trust;
and CSR/RINKER MATERIALS CORPORATION,

    Defendants.

## NOTICE OF SALE

Notice is hereby given that, pursuant to a Final Judgment of Foreclosure entered in the above-styled cause, in the United States District Court for the Middle District of Florida, Tampa Division, I will sell the property situated in Hillsborough County, Florida, described as:

Parcel 1:

    a.    From the Northwest corner of the Southwest ¼ of the Northwest ¼ of Section 27, Township 28 South, Range 19 East Hillsborough County, Florida, run thence South 475 feet, thence East 1299 feet to the Point of Beginning; continue thence East 100 feet, thence North to the River, thence Westerly along the river to a point North of the Point of Beginning, thence South to the Point of Beginning;

and

    b.    Beginning at a point 475 feet South and 1199 feet east of the Northwest corner of the Southwest quarter of the Northwest quarter of Section 27, Township 28 South, Range 19 East, thence East 100 feet, thence North to the waters of Hillsborough River, thence meander Southwesterly along the waters edge to a point due North of the Point of Beginning; thence due South to the Point of Beginning.

at public sale, to the highest and best bidder, for cash, at the courthouse steps of the Sam M. Gibbons U.S. Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602, at \_\_\_\_ a.m./p.m. on _____, 2010.

**EXCEPT FOR THE UNITED STATES OF AMERICA, ANY LIENHOLDER CLAIMING AN INTEREST IN THE SURPLUS FUNDS FROM THIS SALE, IF ANY, MUST FILE A CLAIM**

**WITHIN 60 DAYS AFTER THE SALE IN ACCORDANCE WITH SECTION 45.031(1)(a), FLORIDA STATUTES**

Immediately after the sale of Parcel 1 as described above, I will sell the property situated in Hillsborough County, Florida, described as:

Parcel 2:

Lots 7 and 8, Block 2, re-revised map of Druid Hills, as recorded in Plat Book 25, Page 33, of the Public Records of Hillsborough County, Florida; LESS a portion of Lot 8 described as follows: Begin at the Northwest corner of said Lot 8; thence southeasterly along the Northerly boundary of said Lot 8 a distance of 87.06 feet to the Northerly boundary of said Lot 8, then southwesterly along the easterly boundary of said Lot 8 a distance of 116.07 feet to the Southeasterly corner of said Lot 8; then on an arc to the right along the Southerly boundary of said Lot 8 a chord distance of 55.0 feet; thence Northeasterly a distance of 110.45 feet to the point of beginning. (Less that portion of above described property taken for road right-of-way for Temple Terrace Highway.) (State Road No. 580).

at public sale, to the highest and best bidder, for cash, at the courthouse steps of the Sam M. Gibbons U.S. Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602, at ____ a.m./p.m. on _____, 2010.

**EXCEPT FOR THE UNITED STATES OF AMERICA, ANY LIENHOLDER CLAIMING AN INTEREST IN THE SURPLUS FUNDS FROM THIS SALE, IF ANY, MUST FILE A CLAIM WITHIN 60 DAYS AFTER THE SALE IN ACCORDANCE WITH SECTION 45.03(1)(a), FLORIDA STATUTES**

DATED this _____ day of _____, 2010.

UNITED STATES MARSHAL

By: _____
Print Name: _____

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Clerk of Circuit Court, Circuit Civil Division, 5th Floor, Room 530, George E. Edgecomb Courthouse, 800 E. Twiggs Street, Tampa, FL 33602, telephone no. 813-276-8100, ext. 4365, within 2 working days of your receipt of this document; if you are hearing impaired or voice impaired, call 1-800-955-8771.

(Invoice to: Gibbons, Neuman, Bello, Segall, Allen & Halloran, P.A.
3321 Henderson Boulevard
Tampa, Florida 33609)

NOTE TO NEWSPAPER: Please publish once a week for four consecutive weeks. The last publication must end at least five days prior to sale. Please forward a copy of the first publication run to our office as soon as possible for verification.